UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY M.,<br>   Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 3:21-CV-697-JVB<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff Timothy M. seeks judicial review of the Social Security Commissioner's decision denying his disability insurance benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**PROCEDURAL BACKGROUND**

Plaintiff applied for disability insurance benefits on February 11, 2020. (AR 15). In his application, Plaintiff alleged that he became disabled on February 1, 2018. (AR 15). After a hearing in 2021, the Administrative Law Judge (ALJ) found that Plaintiff suffers from the severe impairments of: obesity; degenerative joint disease of the knees; status-post left knee replacement; status-post revision of left total knee arthroplasty; hypertension; migraine headaches; and coronary artery disease (CAD) with stable angina. (AR 17). The ALJ also found that Plaintiff suffered from the non-severe impairments of right lower extremity cellulitis; ulcer of the left great toe; lesions of the foot; IBS; sleep apnea; hyperlipidemia; depressive disorder; anxiety disorder; post-traumatic stress disorder; and impulse control disorder. (AR 18). The ALJ found that Plaintiff could not perform his past relevant work as a camper assembler, tractor trailer truck driver, warehouse worker, CNC machine operator, painter, or newspaper carrier. (AR 24). However, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy.

(AR 25). Therefore, the ALJ found him to be not disabled from February 1, 2018, through the date of the decision. (AR 25). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff offers six arguments to support his request for remand: that the ALJ erred by failing to address his migraines in the RFC; that the ALJ failed to properly consider obesity in the

2

RFC determination; that the ALJ erred in determining his mental RFC; that the ALJ erred in evaluating his subjective symptoms; that the ALJ failed to consider his wife's third-party function report; and that the ALJ erred at step five by failing to meet the substantial evidence threshold.

### A. Mental RFC

Plaintiff first asserts that the ALJ erred in determining his mental RFC. The ALJ found Plaintiff's mental impairments, including depressive disorder, to be non-severe. (AR 18). The ALJ repeatedly found that Plaintiff's mental symptoms improved with medication and indicated that he had "fairly minimal complaints." (AR 18-19). The ALJ then provided no limitations related to his mental impairments in the RFC determination. (AR 20). The ALJ also provided no further discussion on his mental impairments in the RFC analysis. (AR 20-24). "Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). A failure to find an impairment severe is "of no consequence with respect to the outcome of the case" if the ALJ recognized other severe impairments, proceeded to later steps, and considered the nonsevere impairments at later steps. *Castile v. Astrue,* 617 F.3d 923, 927 (7th Cir. 2010). "[T]he ALJ must later consider the limitations imposed by all impairments, severe and non-severe." *Ray*, 915 F.3d at 492.

Here, the ALJ analyzed the paragraph B criteria during the Step Two analysis. (AR 19-20). The ALJ found that Plaintiff had mild limitations in the ability to understand, remember, or apply information and in the ability to interact with others. (AR 19). The ALJ found that he had no limitations in his ability to concentrate, persist, and maintain pace and in his ability to adapt or manage oneself. (AR 19). However, the ALJ provided no analysis or consideration of his mild impairments in the RFC determination. Moreover, the ALJ failed to consider some of Plaintiff's more troubling symptoms, such as suicidal ideation.

The ALJ reported that Plaintiff's symptoms improved in the fall and winter of 2020. (AR 19). However, the ALJ has cherry-picked evidence to support her findings while ignoring the evidence of Plaintiff's waxing and waning symptoms. Plaintiff reported either current or recent suicidal ideation on the following dates in the fall and winter of 2020: September 1, October 9, October 15, October 16, October 26, December 14, and December 18. (AR 951-52, 967, 973, 978, 980, 986, 996). More concerningly, Plaintiff took four times the prescribed amount of muscle relaxers on October 15, 2020, admitted to having suicidal thoughts and a plan, and he was considering checking himself into an inpatient facility if he could find transportation. (AR 973, 978, 980). The ALJ makes no mention of Plaintiff's continued suicidal thoughts or his overmedication on October 15, 2020. The October 15, 2020 situation was the second time in under three years that Plaintiff took more than the prescribed amount of medication. (AR 980, 857). Although the January 2018 suicide attempt is outside of the relevant time period, it occurred only weeks before the alleged onset date. While Plaintiff did experience improvement at times during his treatment, he still attempted to overdose on his muscle relaxers in October 2020, less than three years after his previous attempt to overdose on his pain medication. "Many mental illnesses are characterized by 'good days and bad days,' rapid fluctuations in mood, or recurrent cycles of waxing and waning symptoms." *Phillips v. Astrue*, 413 F. App'x 878, 886 (7th Cir. 2010). As a result, "temporary improvement should not be taken by itself as evidence of the mental capacity to engage in work on a sustained basis." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *4 (N.D. Ill. June 29, 2021). The ALJ has failed to properly support his finding that Plaintiff did not require any mental impairment limitations in the RFC with substantial evidence.

**B. Subjective Symptoms**

Plaintiff asserts that the ALJ erred in failing to properly evaluate his subjective symptoms, and relatedly, failed to properly consider the third-party function report provided by his wife. The ALJ does not mention the third-party function report anywhere in the RFC analysis or evaluation of Plaintiff's subjective symptoms.

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. § 404.1529(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

When evaluating the weight to assign to a Third Party Function Report, Social Security Ruling 16-3p states that an "adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3p, 2017 WL 5180304, at *7. 20 CFR § 404.1545(a)(3) requires an ALJ to consider observations of a claimant's limitations from

his or her impairments, including limitations resulting from symptoms such as pain, provided by family or friends in a third-party function report. These statements from family and friends "may provide information from which we may draw inferences and conclusions about an individual's statements that would be helpful to [the ALJ] in assessing the intensity, persistence, and limiting effects of symptoms." SSR 16-3p, 2017 WL 5180304, at *7.

      The ALJ found Plaintiff's subjective symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." (AR 23). The ALJ relied on Plaintiff's ability to wash dishes, do laundry, drive his wife to doctors' appointments and his kids to school, take care of his personal needs, cook "some complete meals," and go to the store and out to eat on a weekly basis. (AR 23). The ALJ also relied on Plaintiff's ability to mow the lawn in May 2020, his statement that he "kept busy around the house and took care of his wife," and his statement that he was putting up a pool in June 2020. (AR 23). The ALJ also found that Plaintiff had no impairments in his ability concentrate, persist, and maintain pace due to his ability to take care of his wife and children. (AR 19).

      The ALJ has failed to explain how keeping busy around the house or attempting to care for his disabled wife contradicts Plaintiff's complaints of pain and depression. Plaintiff's wife stated that she is disabled and requires help with the household chores. (AR 205). Moreover, Plaintiff broke down crying during an appointment for his mental impairments due to feeling "burnt out . . . after having to help his wife so much." (AR 983). It was noted that Plaintiff's need to care for his wife and his fear over her health often exacerbated his mental health symptoms. (AR 795-96, 982-83, 1002-03). The ALJ is not permitted to find that Plaintiff's subjective symptoms are exaggerated based on an ability to care for family members, as a claimant may be required to care for family members out of necessity despite suffering from symptoms due to his impairments. *Beardsley v.*

*Colvin*, 758 F.3d 834, 838 (7th Cir. 2014); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005). The ALJ has failed to explain how Plaintiff's ability to care for his wife and children's basic needs contradicts his symptoms related to his pain or his mental impairments.

There is also no evidence that "[keeping] busy around the house" included activities that would aggravate his symptoms. The ALJ did not explain how keeping busy around the house must include physical or mental actions beyond Plaintiff's self-reported capabilities. Nor did the ALJ consider his wife's function report, which stated that Plaintiff could no longer cook, do yardwork, or maintain the house in the same we could prior to his impairments. (AR 204-05). The ALJ also failed to consider the manner in which Plaintiff's wife reported he completed chores. She stated that they try to do chores together, but that they take a long time because they can only do a little at a time. (AR 205). "[S]poradic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity." *Scrogham v.* Colvin, 765 F.3d 685, 700 (7th Cir. 2014) (citation omitted). The ALJ failed to consider his wife's third-party function report in analyzing Plaintiff's subjective symptoms, and this is in error.

### C. Other Issues

Plaintiff also raises additional issues regarding the RFC, medical opinions, and job numbers. Because the ALJ erred in evaluating Plaintiff's mental impairments and subjective symptoms, remand is appropriate. Proper analysis and discussion of Plaintiff's subjective symptoms and a full examination of the medical evidence may alter the discussion and analysis of these other areas. The Court remands this case due to the ALJ's failure to properly analyze Plaintiff's mental impairments and subjective symptoms.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief, **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on November 22, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
